UNITED STATES v. MASON et al.

(District Court, S. D. Iowa, C. D.    December 26, 1912.)

No. 67—(C. C.).

1. CLERKS OF COURTS (§ 75*)—BONDS—CONVERSION OF FUNDS.

Where the books of a clerk showed a receipt of certain costs, etc., and failed to show disbursement thereof, and, though there was evidence that the books were not accurately kept, the clerk admitted the conversion of "a few hundred dollars" subsequent to the giving of a bond to faithfully perform the duties of his office, the government, in the absence of proof of the actual amount converted, was entitled to recover $200 therefor, in addition to a surplus admitted to have been retained, above his authorized compensation, and unpaid costs collected, but not paid over.

[Ed. Note.—For other cases, see Clerks of Courts, Cent. Dig. §§ 135–142; Dec. Dig. § 75.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. LIMITATION OF ACTIONS (§ 195*)—FUNDS—CONVERSION—LIMITATIONS—BUR-
DEN OF PROOF.

    Where, in a suit on a bond of the clerk of a federal court to recover
money received and converted, it was contended that the action was
barred by limitations, the burden was on the defendant to show the date
of the conversion.

    [Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§
711–716; Dec. Dig. § 195.*]

    At Law. Action by the United States against Edward R. Mason
and the United States Fidelity & Guaranty Company. Judgment for
the United States.

    Sylvester R. Rush, Sp. Asst. Atty. Gen., of Omaha, Neb., and Mar-
cellus L. Temple, of Osceola, Iowa, for the United States.

    Read & Read, of Des Moines, Iowa, and W. E. Mason, of Chicago,
Ill., for defendants.

    THOMAS C. MUNGER, District Judge. This is an action upon an
official bond, given by Edward R. Mason, as clerk of the Circuit Court
of the United States for the Southern District of Iowa, and dated Jan-
uary 2, 1899. Prior to that date Mr. Mason had served as clerk of
the United States Court in Iowa. See In re Clerkship of Circuit Court
in Eastern & Western Divisions of Southern District of Iowa (C. C.)
90 Fed. 248. The terms of the bond show that it was intended to act
prospectively, and not retrospectively. The action is brought by the
United States, as plaintiff (see United States v. Abeel, 174 Fed. 12, 98
C. C. A. 50), to recover (1) certain moneys formerly in the registry of
the court and not accounted for; (2) certain fees and costs collected
in cases, which belonged to attorneys and parties as advanced costs,
balance of deposits for costs, etc.; (3) surplus of fees and emoluments
retained by the clerk.

    The evidence shows, and it is stipulated, that the clerk received, dur-
ing the years 1908, 1909, and 1910, until the termination of his office,
a surplus of $444.65 above the compensation that he was authorized
to retain. The evidence further shows that he received, after the date
of the bond on which this action is brought, certain costs, which were
not disbursed to the parties entitled thereto, as follows:

| | | | | | | |
|---|---|---|---|---|---|---:|
| Law | Case | 3631, | Des Moines Division | | | $ 5.70 |
| Equity | " | 699, | " | " | " | 29.00 |
| " | " | 786, | " | " | " | 11.24 |
| " | " | 2354, | " | " | " | 4.60 |
| " | " | 2357, | " | " | " | 17.95 |
| " | " | 2371, | " | " | " | 16.45 |
| " | " | 2409, | " | " | " | 1.03 |
| " | " | 1, | Creston Division | | | 7.38 |
| " | " | 10, | " | " | | 1.00 |
| " | " | 210, | Keokuk | " | | 4.75 |
| " | " | 261, | " | " | | .30 |
| " | " | 2463, | Des Moines Division | | | 6.37 |
| " | " | 409, | Western Division | | | .40 |
| Law | " | 572, | " | " | | 1.70 |
| " | " | 26, | Ottumwa | " | | .10 |
| | Total | | | | | $107.97 |

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[1] The government produced evidence to show that the clerk, prior to the giving of this bond, received a large amount of costs in various cases, and that the clerk's books disclose to whom these items of costs belonged, but do not disclose that they had ever been paid. It also produced evidence to show that there had been paid into the registry fund of the court certain amounts long prior to the execution of this bond, and that the clerk's records did not disclose that this had been drawn out by any checks authorized by orders of the court. The government did not offer the testimony of any of the parties to whom these items of money are said to have been due, to show their nonpayment. On behalf of the government it is claimed that, because the books do not record any payment of these items by the clerk, there arises a presumption that the clerk retained the items until after the execution of this bond, and it thereby became security for such payment. On behalf of the clerk it is contended that there is a presumption that the clerk did his duty, which was to pay these several items to the parties entitled thereto, even though the books do not record such payments.

The defendants offered evidence to show that the books were not accurately kept, and did not show all payments that were made, and also produced the testimony of many of the parties to show that they claimed nothing to be due from the clerk, even though items apparently due them were shown upon the clerk's books as unpaid. In addition, the defendant clerk testified, on behalf of the defense, that all money which he had received as clerk, prior to January 2, 1899 (the date of the giving of this bond), he had either deposited in the registry fund of the court, or had paid to the parties entitled thereto, or had converted to his own use. The conversion to his own use was described as having been made by deposits in bank in his own account and to his personal credit, intending to exercise dominion over such account as his own property, and that he had checked out to his personal use practically all of this account. The clerk qualified this statement by the admission that, of this money, he may have had, at the time he gave this bond, in the vaults of his office—

"a few hundred dollars; might have been more than that, but all that money in there I treated as my own and exercised dominion over it. I used it; at that time I used those things; any money I had in the vault at that time I used for my personal expenses, paid personal bills out of it, and treated it just as I did a personal account at the bank."

This use of the "few hundred dollars" in the vaults, which he says he may have had on hand on January 2, 1899, must have been subsequent to that date, and thus this bond became liable for the amount so used. The amount thus conceded by the witness as "a few" hundred dollars is quite uncertain, but it obviously refers to a sum of $200 or more. The government would therefore be entitled to recover, in addition to the surplus of emoluments, and the unpaid costs collected after January 2, 1899, this sum of $200.

[2] It is said that this amount cannot be recovered herein, because the action is barred by the statute of limitations. If it be conceded that the government, although the plaintiff, is not the real party in interest as to these items of costs, yet there is no evidence that shows at what

time, after January 2, 1899, the defendant converted the amount of costs that he thus admits having had on hand in the vaults at that date, or which he received after that date. It was incumbent upon the defendants to prove such dates, if they desired the benefit of the statute. This conclusion renders it unnecessary to discuss the proposition that the defendant concealed any conversion he may have made of these funds.

I think that the evidence of the nondisbursement of the remainder of the funds sued for, as shown by the absence of credit entries on the clerk's books, is fully met by the evidence of the clerk that he had no such money in his possession when this bond was given; that he had either paid it to the persons entitled thereto, or had converted it to his own use, before the giving of this bond.

From what has been said, it follows that the government will be entitled to a judgment against the defendants for the sum of $752.62, with interest from March 31, 1910. I am informed that since the submission of the case the clerk has paid into the court in this case the balance claimed by the government as due for surplus of emolument returns. In that case the judgment will be entered for the proper sum after allowing deduction therefor.